# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **JESSICA ROSE FLURRY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. CIV-15-090-R |
| | ) | |
| **BOARD OF COUNTY COMMISSIONERS** | ) | |
| **OF THE COUNTY OF OKLAHOMA and** | ) | |
| **JOHN WHETSEL, in his official capacity** | ) | |
| **as OKLAHOMA COUNTY SHERIFF,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## ORDER

Plaintiff filed this action alleging claims under 42 U.S.C. § 1983 and Oklahoma law stemming from his detention at the Oklahoma County Detention Center. Defendants removed this action from the District Court of Oklahoma County and filed separate motions to dismiss, to which Plaintiff has filed a single response. (Doc. No. 4, Defendant County and Defendant Whetsel in his official capacity, Doc. 5, Defendant Whetsel in his individual capacity). Having considered the parties' submissions, the Court finds as follows.

Plaintiff, who is transgender and in the process of transitioning from female to male, was arrested on January 3, 2014 by the Oklahoma Highway Patrol following an automobile accident and a charge of driving under the influence. He was first treated at a hospital before being taken to the Oklahoma County Detention Center for booking. Plaintiff alleges that when he arrived at the Detention Center he disclosed to unidentified employees that he was

a transgendered female to male individual.[1] Plaintiff alleges that after he was searched and had changed into Detention Center clothing that an unidentified female officer took him into an open area, where both male and female officers and detainees were present, and ordered him to "prove his gender" by dropping his pants. Plaintiff alleges he complied believing he had no choice. Plaintiff contends he was mocked, harassed and humiliated by detention officers and placed in grave risk of danger. Plaintiff further alleges he was detained in isolation and only permitted out of his cell for medical treatment, arraignment and a single shower, and that he was not advised why he was not permitted in general population.[2] He also alleges he was denied the opportunity to make a telephone call during his stay.

As a result of the above Plaintiff seeks damages for the alleged violation of his civil rights, specifically his substantive due process rights under the Fourteenth Amendment. Petition, ¶¶ 24, 30. Plaintiff also alleges claims of negligent supervision and retention, failure to train, negligence *per se* based on an alleged violation of the Prison Rape Elimination Act, 42 U.S.C. § 15601 *et seq.*, Oklahoma law, Okla. Stat. tit. 74 § 192 and the Oklahoma Administrative Code, intentional infliction of emotional distress, and assault.

The Court begins with Defendant Whetsel in his official capacity. Plaintiff has named Sheriff Whetsel as Defendant in both his official and individual capacities. Plaintiff has also named the Board of County Commissioners of the County of Oklahoma. Naming both the County and the Sheriff in his official capacity in a § 1983 suit is redundant, because "an

---

[1] Plaintiff has had a double mastectomy and was on testosterone therapy.

[2] Plaintiff does not allege the duration of his stay at the Detention Center.

official-capacity suit is, in all respects other than name, to be treated as a suit against the entity ." *Kentucky v. Graham*, 473 U.S. at 166 (*citing Brandon v. Holt*, 469 U.S. 464, 471-472 (1985)). Furthermore, in Oklahoma, a suit against a county must be brought by naming the board of county commissioners of that county. *See* Okla. Sat. tit. 19, § 4. Therefore, bringing "a claim against [a sheriff] in his official capacity ... is the same as bringing a suit against the county." *See Martinez v. Beggs*, 563 F.3d 1082, 1091 (10th Cir.2009). In this case, asserting claims against both Defendants Board of County Commissioners of Oklahoma County and Sheriff Whetsel in his official capacity is duplicative and unnecessary and the sheriff in his official capacity is hereby dismissed.[3]

The next issue the Court must address is what standard of review applies to Plaintiff's allegations. Because this case initiated in state court Plaintiff advocates for the Court to utilize the Oklahoma standard of pleading, which is less onerous than *Twombly*, set forth below. Rule 81(c)(1) of the Federal Rules of Civil Procedure, however, provides that the federal rules apply following removal, and thus the appropriate federal standards of pleading apply to this case. *See also Council Tower Ass'n v. Axis Specialty Ins. Co.*, 630 F.3d 725, 730 (8th Cir. 2011).

Under the Supreme Court's decisions in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), federal pleading "demands more than an

---

[3]Plaintiff cites to *Edelen v. Board of County Commissions of Bryan County*, 266 P.3d 660 (Okla. Civ.App. 2011), in support of his position that recovery under § 1983 is permissible against both the Sheriff and the Board. The Court is unable to determine from that opinion whether the Sheriff was sued in his individual capacity, which is the sole manner in which both the Board and the Sheriff can both be proper § 1983 Defendants.

unadorned, the-defendant-unlawfully-harmed-me accusation." *Gee v. Pacheco*, 627 F.3d 1178, 1184 (10th Cir.2010). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted). "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (citation and internal quotation marks omitted). In the context of § 1983 claims, the Tenth Circuit has stated that it is "particularly important ... that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Robbins v. Oklahoma*, 519 F.3d 1242, 1249–50 (10th Cir. 2008).

Plaintiff seeks to recover from the County for the alleged violation of his substantive due process rights under the Fourteenth Amendment. The only potential basis for holding the County liable herein is if Plaintiff alleges that he suffered injuries of a constitutional magnitude as the result of an official policy, custom, or practice. *Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

> The plaintiff may allege an action taken as a result of policy by showing that the constitutional injury resulted from the action or decision of an individual with final policy making authority with respect to the action ordered. *Pembaur v. City of Cincinnati*, 475 U.S. 469, 482, 106 S.Ct. 1292, 89 L.Ed.2d 452 (1986). Plaintiff may also show a policy by demonstrating a pattern of conduct

4

> or series of acts which reasonably imply the existence of a policy or custom. *See Strauss v. City of Chicago*, 760 F.2d 765, 768–69 (7th Cir.1985). In addition, a governmental entity may not be held liable for monetary damages where there was no underlying constitutional violation by any of its officers. *City of Los Angeles v. Heller*, 475 U.S. 796, 799, 106 S.Ct. 1571, 89 L.Ed.2d 806 (1986).

*Lemmons v. Waters*, 2013 WL 5592977 (N.D.Okla. Oct. 10, 2013). Here, although Plaintiff alleges policies or customs, he alleges no facts to support thiss contention.

> Even if Plaintiff's broad allegations could be construed as suggesting 'a well-settled custom or practice,' Plaintiff's minimal factual assertions are insufficient to support a plausible claim. *See Schneider*, 717 F.3d at 770; *Iqbal*, 556 U.S. at 678-79. Plaintiff's factual assertions are strictly based on his limited personal experience and, thus, do not support the broad allegation that there is a County policy or custom . . . . Further, having failed to sufficiently specify a policy or custom, Plaintiff cannot establish the remaining elements of municipal liability; that the policy or custom caused or was the "moving force" behind a violation of Plaintiff's federal rights and that the policy or custom "was enacted or maintained with deliberate indifference to an almost inevitable constitutional injury." *See Schneider*, 717 F.3d at 769, 770-71.

*Id.*

In the instant case, beyond the facts set forth above regarding how he was treated on the date of his arrest and the days that followed, Plaintiff's allegations are limited to broad statements such as:

> Plaintiff's pain and injuries were a direct result of the acts of Detention Officers acting under the direction and control of the County and the Sheriff, and pursuant to the official policy, practice, pattern or custom of the County and the Sheriff in improperly hiring, training, supervising, and disciplining detention officers, thus demonstrating the County's and the Sheriff's deliberate indifference to Plaintiff's safety and well-being.

> Plaintiff's pain and injuries arose under circumstances which constitute a usual and recurring situation with which detention officers must deal, but because of inadequate training and supervision, which demonstrates the County's and

> Sheriff's deliberate indifference to the constitutional rights of inmate such as Plaintiff, detention officers violated Plaintiff's rights under the Fourteenth amendment.

Petition, ¶¶ 25-26. These broad allegations are insufficient to fulfill Plaintiff's federal pleading obligations so as to support a § 1983 cause of action against the County, and the motion to dismiss is therefore granted with regard to the County and Count I of the Petition.

Plaintiff also seeks relief against Defendant Whetsel individually, making the same allegations against Defendant Whetsel as against the County.[4]

> "Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation." *Foote v. Spiegel*, 118 F.3d 1416, 1423 (10th Cir.1997); *see also Bennett v. Passic*, 545 F.2d 1260, 1262–63 (10th Cir.1976) (stating that personal participation is an essential allegation in a § 1983 action). In an individual-capacity suit, " § 1983 does not recognize a concept of strict supervisor liability; the defendant's role must be more than one of abstract authority over individuals who actually committed a constitutional violation." *Fogarty v. Gallegos*, 523 F.3d 1147, 1162 (10th Cir.2008). The complaint must allege that the supervisor was personally involved. *See id.*

*Cooks v. Whetsel*, 2013 WL 1337206, *6 (W.D.Okla. Feb. 22, 2013).

Again, however, Plaintiff made the same bare allegations against Defendant Whetsel in his individual capacity as he did against the County. Plaintiff uses all the relevant catchphrases, complaining that Defendant Whetsel failed to train, supervise, control, and discipline the officers at the Oklahoma County Detention Center. Plaintiff, however, does not, for example, describe what training or supervision would have prevented the alleged constitutional violation by the Jane and Doe detention officers or that Defendant Whetsel

---

[4] Plaintiff also alleges that the Defendant Sheriff authorized, condoned and ratified the acts of the detention officers. Petition, ¶ 30.

acted with the requisite state of mind.

The District Court of Colorado addressed similar allegations in *Twitchell v. Hutton*, 2011 WL 318827 (D.Colo. 2011):

> Turning to Plaintiff's Complaint, I find that it fails to plausibly plead that Chief Hays while possessing the required state of mind–acted in such a way that caused Plaintiff's alleged constitutional harm. I agree with Defendants that Plaintiff's allegations focus on Chief Hays' supervisory status in alleging his liability. For example, Plaintiff alleges that Chief Hays, as the commanding officer for the Defendants, was responsible for the Defendants' training, supervision, conduct and for enforcing the regulations of the Steamboat Police Department. (Compl.¶¶ 13m 87.) Plaintiff also makes a conclusory allegation that Chief Hays "adopted, authorized, and ratified and/or condoned policies and/or customs of the use of excessive force and deliberate indifference. . . " that deprived the Plaintiff of her constitutional rights (Compl.¶ 13.) However, Plaintiff offers no supporting facts in connection with her conclusory allegations. Accordingly, I find that Plaintiff's allegations fail to contain sufficient factual matter, accepted as true, to state a plausible claim. *See Iqbal*, 129 S.Ct. At 1949; *Twombly*, 550 U.S. at 570. Because Plaintiff's Complaint only offers formulaic recitations of the elements of the cause of action, Plaintiff's supervisory liability claim against Chief Hays is dismissed pursuant to Fed.R.Civ.P. 12(b)(6).

*Id.* at 7. The Court finds that Plaintiff herein has similarly failed to allege sufficient facts in support of his claim against Defendant Whetsel in his individual capacity. According, Plaintiff's 42 U.S.C. § 1983 claim against Defendant Whetsel is hereby dismissed.

Plaintiff's negligence claim against Defendant Whetsel is subject to the Oklahoma Governmental Tort Claims Act, Okla. Stat. tit. 51 § 151 *et seq*.("OGTCA"). This Act provides the exclusive remedy by which an injured person may recover from an Oklahoma governmental entity, such as the County, in tort. *Fuller v. Odom*, 741 P.2d 449, 451-53 (Okla. 1987). Pursuant to the OGTCA the State adopted sovereign immunity for its political

subdivisions and employees acting within the scope of their employment. Title 51 § 163(C) provides that only the political subdivision may be named as a defendant, and thus the only proper Defendant for Plaintiff's state tort claims is the County, sued, as here, as the Board of County Commissioners of Oklahoma County.Therefore, Defendant Whetsel is entitled to dismissal of Plaintiff's Second, Third, Fourth and Fifth causes of action, all of which arise under state law. *See id* ("In no instance shall an employee of the state or political subdivision acting within the scope of his employment be named as a defendant").[5]

Defendant County asserts it too is entitled to immunity from Plaintiff's state law claims, citing Okla. Stat. tit. 51 § 155(24). In pertinent part, the statute provides: "[t]he state or a political subdivision shall not be liable if a loss or claim results from: [p]rovision, equipping, operation or maintenance of any prison, jail or correctional facility." Plaintiff's claims for negligent supervision and retention, failure to train in violation of the Prison Rape Elimination Act and Oklahoma law, as well as his claims of negligence *per se*, intentional infliction of emotional distress and assault are all subject to dismissal pursuant to § 155(24), because they all result from operation of the Oklahoma County Detention Center. *See* Redding v. State, 1994 OK 102, ¶¶ 7–8, 882 P.2d 61, 63; ("We recently upheld the Department's view that the legislative intent of § 155(23) [now codified at § 155(24) ] is to protect the state from liability for loss resulting from any and all actions of officers and employees of a penal institution."); *Purvey v. State*, 1995 OK 103 ¶¶ 5 & 8, 905 P.2d 770,

---

[5] There are no facts pled in the petition from which the Court could conclude that Plaintiff alleges Defendant Whetsel was acting outside the scope of his employment.

770–71 (dismissing contention that § 155(24) has been interpreted too broadly; holding exemption applies to negligence by prison official in issuing chainsaws to prisoners without proper training). To the extent Plaintiff believes he has pled a claim for violation of his rights under the Oklahoma Constitution that would not be affected by the OGTCA, the Court has reviewed the petition filed in the District Court of Oklahoma County and finds no such claims pled.

For the reasons set forth herein, the Defendants' motions to dismiss are hereby GRANTED.

IT IS SO ORDERED this 7th day of April, 2015.

_____
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE